KEYES *v.* QUINN.

FRAUD—MISREPRESENTATIONS—VALUE OF SHARES OF STOCK—EVIDENCE—SUFFICIENCY.

On a bill to obtain a reconveyance of land conveyed in exchange for shares of stock in a mining company, evidence examined, and *held*, to preponderate in support of complainant's claim that defendant falsely represented that the stock had a value at the time equivalent to its par value, when in fact it had no value then or since.

Appeal from Wayne; Brooke, J. Submitted October 13, 1908. (Docket No. 54.) Decided November 30, 1908.

Bill by George H. Keyes and Florence M. Keyes against Thomas J. Quinn and Alice L. Quinn for a reconveyance of certain real estate obtained by fraud. From a decree for complainants, defendants appeal. Affirmed.

*Thomas Kissane,* for complainants.

*J. Emmet Sullivan,* for defendants.

McALVAY, J. Complainants, husband and wife, filed their bill for a reconveyance of a certain house and lot in Detroit, transferred in November, 1906, to defendant Quinn for 7,000 shares of stock in the Urales Mining Company, of the par value of $7,000, which transfer is claimed to have been brought about by representations, falsely made by defendant Quinn, that said stock was then of the value of $1 a share, and would be worth $2 to $3 a share in a short time, and would be paying dividends before July 1, 1907; but that in truth and in fact such stock had no value. Further details of this transaction are unnecessary. The only question in the case is one of fact. If the proofs sustain the material allegations of the bill of complaint, and show that defendant Quinn did make such false representations of fact as to the value of the stock sold by him to complainant Keyes, then the decree for complainants granted by the circuit court, and from which defendants have appealed, should be affirmed.

Our examination of the record satisfies us that the finding of the court as expressed in the opinion filed is supported by a preponderance of the evidence in the case. The court said:

"The testimony of the complainant Keyes is supported by that of his wife, and also the two brothers Colwell, all of whom testify positively that the defendant Quinn represented the stock to be worth at the time of the negotiations $7,000. This testimony is denied by the defendant Quinn alone. The testimony shows that the stock has no market value at the present time, nor did it have at the time of the transaction. The Urales Mining Company is supposed to have title to a large tract of land in the republic of Columbia, South America, which is supposed to carry gold in placer deposits. Whether it can ever be worked profitably or not is not apparent. It is situated some 500 or 600 miles from the coast, in a climate difficult for white men to live in, and is about 400 miles from transportation by rail. There seems to be communication

by water within a short distance of the property.    All the facts which were known to the defendant at the time the trade was made render the value of the stock extremely problematical and illusory.    I am impelled to the conclusion that the defendant Quinn did make positive representations as to the present value of the stock he was trading.    It may be he did not know that the representations he was making were false, but the representations were made certainly with a reckless disregard as to their truth or falsity, which, in my opinion, will justify a decree against him."

The question as to whether complainant Florence M. Keyes ever consented to this transfer made by her husband, and to a delivery of a deed which she had executed in blank, as she claims, for the purpose of transferring other property, we do not consider necessary to discuss, in view of the fact that complainants have sustained the charge that the transfer of the house and lot was procured by fraudulent representations made by defendant Quinn as to the value of the mining stock given in consideration of such transfer.

The decree of the circuit court is affirmed, with costs.

GRANT, C. J., and BLAIR, HOOKER, and MOORE, JJ., concurred.